UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH CHANDLER DAVALL,

Plaintiff,

v.

DHILLION, *et al.*,

Defendants.

Case No. 2:25-cv-3507-DJC-JDP (P)

ORDER

Plaintiff, a prisoner proceeding *pro se*, brought this action alleging that defendants revoked her[1] single cell status, despite knowing that doing so would place her at high risk of sexual assault. ECF No. 1 at 4-7. Pending is plaintiff's motion to compel, ECF No. 17, that defendants have opposed, ECF No. 20, and plaintiff has filed a reply in support of, ECF No. 22. The motion to compel is, for the reasons stated below, denied.

I. Legal Standards

Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are

[1] I will use female pronouns for plaintiff, as her complaint alleges that she is a female inmate. ECF No. 1 at 5.

alleged to be objectionable"). A responding party is typically not required to conduct extensive research in order to answer an interrogatory, but reasonable efforts to respond must be undertaken. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 U.S. Dist. LEXIS 73752, 2007 WL 2781132, *2 (E.D. Cal. 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

## II. Analysis

There are four requests for production at issue. I will address them separately, in the order they were presented by plaintiff.

### A. Request for Production Number One

This request for production seeks: "the results of the 'Rape Kit' from the 2025 rape of myself from my [ex-cellmate] Brian Magee." ECF No. 17 at 3. Defendants objected as follows:

> RESPONDING PARTY objects to this request on the basis that the request does not call for relevant material. RESPONDING PARTY further objects to this request on the basis that the request is vague and ambiguous in general and, particularly, as to the undefined word "rape." RESPONDING PARTY further objects to this request on the basis that the request is not described with reasonable particularly, is overly broad and unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. RESPONDING PARTY further objects as the request calls for information protected by the official information privilege, attorney-client privilege, work product doctrine, or any other privilege or legal protection. RESPONDING PARTY further objects to this request on the basis that it seeks documents that are shielded from disclosure to the extent that there is an ongoing investigation into the matters at issue in this action. RESPONDING PARTY further objects to the extent this request calls for a legal conclusion as to the use of the word "rape." RESPONDING PARTY further objects to the extent that the request does not explain the proper format to produce electronically store information. Finally, RESPONDING PARTY further objects on the basis that the request seeks information protected by third-party privacy rights, including, but not limited to, HIPPA and CMIA.
>
> Subject to, and without waiving, these objections or any other applicable objection, RESPONDING PARTY responds as follows: RESPONDING PARTY will produce, once properly requested, all non-privileged, responsive documents in its possession, custody, or control from the relevant period of March 2025 to April 2025.

ECF No. 20 at 4-5. In their opposition, defendants argue, *inter alia*, that medical information

related to inmate Magee is protected by the Health Insurance Portability and Accountability Act and that any DNA information in plaintiff's own medical file can be accessed without defendants' intervention. *Id.* at 5. Plaintiff does not address this argument in her reply.

I will deny plaintiff's motion to compel as to this request for production. Plaintiff should attempt to access any relevant DNA evidence contained in her own medical file. If she is unable to do so she may, after conferring with defendants' counsel, renew her motion to compel.

**B. Request for Production Number Two**

This request for production asks after: "the perpetrators (Rolando Beatres) statement from the September 2020 sexual assault of me." ECF No. 17 at 3. Defendants objected as follows:

> RESPONDING PARTY objects to this request on the basis that the request does not call for relevant material. RESPONDING PARTY further objects to this request on the basis that the request is vague and ambiguous in general and, particularly, as to the undefined words "perpetrators" and "sexual assault." RESPONDING PARTY further objects to this request on the basis that the request is not described with reasonable particularly, is overly broad and unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. RESPONDING PARTY further objects as the request calls for information protected by the official information privilege, attorney-client privilege, work product doctrine, or any other privilege or legal protection. RESPONDING PARTY further objects to this request on the basis that it seeks documents that are shielded from disclosure to the extent that there is an ongoing investigation into the matters at issue in this action. RESPONDING PARTY further objects to the extent this request calls for a legal conclusion as to the use of the words, "perpetrators" and "sexual assault." RESPONDING PARTY further objects to the extent that the request does not explain the proper format to produce electronically store information. Finally, RESPONDING PARTY further objects on the basis that the request seeks information protected by third-party privacy rights, including, but not limited to, HIPPA and CMIA.
>
> Subject to, and without waiving, these objections or any other applicable objection, RESPONDING PARTY responds as follows:
>
> RESPONDING PARTY will produce, once properly requested, all non-privileged, responsive documents in its possession, custody, or control from the relevant period of March 2025 to April 2025.

ECF No. 20 at 6.

I will deny the motion to compel as to this request for production. In her reply, plaintiff acknowledges that the relevant document is "part of my [central] file." Thus, it should be equally

accessible to her. Requiring her to access her own file and assess the relevant contents seems appropriate here, where defendants express some confusion as to what "statement" is being sought. *Id.* at 6.

**C. Request for Production Number Three**

This request for production seeks: "the 2nd level 602 from my C file on the date of March—July 2020 detailing the Prea complaint from that month of 2020." ECF No. 20 at 8.[2] Defendants objected as follows:

> RESPONDING PARTY objects to this request on the basis that the request does not call for relevant material. RESPONDING PARTY further objects to this request on the basis that the request is vague and ambiguous in general and, particularly, as to the undefined phrase "Prea." RESPONDING PARTY further objects to this request on the basis that the request is not described with reasonable particularly, is overly broad and unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. RESPONDING PARTY further objects as the request calls for information protected by the official information privilege, attorney-client privilege, work product doctrine, or any other privilege or legal protection. RESPONDING PARTY further objects to this request on the basis that it seeks documents that are shielded from disclosure to the extent that there is an ongoing investigation into the matters at issue in this action. RESPONDING PARTY further objects to the extent that the request does not explain the proper format to produce electronically store information. Finally, RESPONDING PARTY further objects on the basis that the request seeks information protected by third-party privacy rights, including, but not limited to, HIPPA and CMIA.
>
> Subject to, and without waiving, these objections or any other applicable objection, RESPONDING PARTY responds as follows: RESPONDING PARTY will produce, once properly requested, all non-privileged, responsive documents in its possession, custody, or control from the relevant period of March 2025 to April 2025.

ECF No. 20 at 8. I will deny this request for the same reason as the second. Both parties appear to agree that the relevant information is contained in plaintiff's central file. *Id.* at 8-9; ECF No. 22 at 5. Thus, she should attempt to access it herself, rather than requesting it from defendants.

---

[2] The request is articulated differently in the motion to compel itself, ECF No. 17 at 3, but seems to seek the same documents.

**D. Request for Production Number Four**

The fourth request for production, that seeks a past and present record of all plaintiff's cell assignments, is denied. Defendants state that this request was never made to them outside of the motion to compel. ECF No. 20 at 10. Additionally, plaintiff states that it is contained in her central file and, thus, as with the second and third requests, she should attempt to access it herself.

Accordingly, it is ORDERED that plaintiff's motion to compel, ECF No. 17, is DENIED.

IT IS SO ORDERED.

Dated: September 16, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE